John Boulanger
vs. } Eq. No. 11167.
Walter Hebert et al.

November 16, 1932.

CHURCHILL, J. Heard on bill, answers and proofs.

This is a bill to set aside a conveyance alleged to be fraudulent.

The Hug Co., on July 3, 1929, leased a truck to the complainant under the usual terms for payment by which the complainant gave a series of notes to the company, title not to pass until the notes were paid.

Walter Hebert, the agent for the company, negotiating the transaction, by a written agreement dated June 11, 1929, individually guaranteed the complainant "work with the truck", and further agreed if the truck was idle through the fault of Hebert to "take care of the note for that particular month".

The complainant fell into arrears on his payments and subsequently, by an arrangement with Walter Hebert, the truck was brought to Providence where it was attached by Walter Hebert in a suit against the Hug Co., the complainant, and one Oscar Menard. The suit was commenced in the Superior Court for the Counties of Providence and Bristol on April 1, 1930, and was an action in asssumpsit in which the plaintiff sought to recover commissions alleged to be due from the defendants on the sale of trucks by the plaintiff acting as their agent. The Hug Co. and Oscar Menard answered and filed. the general issue in defence. No answer was made by the complainant. The case is still pending, has been twice assigned for trial but no trial or other disposition of the case has been made.

On the same day on which the suit was brought, April 1, 1930, Walter Hebert, Mary Hebert and Felix Hebert entered into the following agreement:

"I Walter Hebert will pay to Mr. John Boulanger $2200 if the Hug Co. of Highland, Ill., agrees to settle if not and if the truck is sold by the sheriff I Walter Hebert agrees to sell this truck to Mr. John Boulanger for $700 on time with one year to pay. If both parties fail to win we the Mr. & Mrs. Hebert agree to pay to Mr. John Boulanger $2200 within a reasonable rate of time."

Mary Sippen is a sister of Walter Hebert and a daughter of Felix He-

bert and Mary Hebert. On April 10, 1930, Mary Hebert and Felix Hebert conveyed all the real estate they owned to Mary R. Sippen. This transfer is denounced by the complainant as fraudulent.

No judgment has been obtained by the complainant but he takes the position that he was a creditor of Felix Hebert and Mary Hebert at the time the bill was filed by virtue of the agreement of April 1, 1930.

Passing the point that this is a creditor's bill and that no judgment has been obtained, it appears that the respondents Felix and Mary Hebert were not indebted to the complainant at the time the bill was filed.

The agreement of April 1, 1930, is very unartificially drawn and is not entirely clear, but taking it as it stands, in the light of the testimony given, it is evident that the agreement referred to the suit brought by Walter Hebert the same day.

There is no testimony that The Hug Co. has agreed to settle; or that the truck has been sold, nor has the suit been disposed of in any manner. It is pending for trial.

The clause, "If both parties fail to win we the Mr. & Mrs. Hebert agree to pay Mr. John Boulanger $2200", is somewhat cryptic in its meaning but on the evidence it can only refer to some disposition of the pending suit, which would in that event fix the liability of Felix Hebert and Mary Hebert. There is no testimony showing that under the agreement any such liability has come into existence, and therefore the bill cannot be maintained.

Complainant's attorneys: Archambault & Archambault.

Respondents' attorneys: Cianciarulo & Cianciarulo.